IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chance Ronald Collins, | No. CV-12-2723-PHX-SRB (LOA) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Barry Larson, et al., | |
| Respondents. | |

This matter is before the Court on Petitioner's *pro se* Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Amended Petition"). Petitioner challenges his criminal convictions in Pinal County Superior Court, State of Arizona, Case No. CR2002-01235. (Doc. 7)  Respondents have filed a Limited Answer to Petition for Writ of Habeas Corpus along with supporting exhibits. (Doc. 14) Petitioner has not filed a reply. As explained below, the undersigned Magistrate Judge recommends the Amended Petition be denied.

**I. Background**

   **A. Trial and Sentencing**

The State of Arizona indicted Petitioner in October 2002 on one count of Assault with Intent to Incite a Riot or Participate in a Riot While in Custody, a Class Two felony, and one count of Criminal Damage in Excess of $10,000.00, a Class Four felony. (Doc. 14, Exhibit ("Exh.") E) The charges arose from Petitioner's role in a riot in June 2002 at the Pinal

County Adult Detention Center. (Doc. 14, Exh. G) Following a jury trial[1] in January 2005, the jury found Petitioner guilty of both counts. (*Id.*) On February 14, 2005, the trial court sentenced Petitioner to concurrent prison terms of 15.75 years on the first count and 10 years on the second count. (Doc. 14, Exh. B)

### B. Direct Review

Petitioner, through counsel, filed a timely Notice of Appeal on February 14, 2005. (Doc. 14, Exh. D)  Petitioner filed an Opening Brief on August 15, 2006. (Doc. 14, Exh. E) After the State filed an Answering Brief, Petitioner filed a Reply Brief on February 28, 2007. (Doc. 14, Exh. F) On May 4, 2007, the Arizona Court of Appeals issued a Memorandum Decision in which it "affirmed in part and remanded in part with directions." (Doc. 14, Exh. G) The Court of Appeals found the trial court failed to follow the proper procedure with respect to Petitioner's admissions of prior felony convictions, which were used to enhance his sentence. (Doc. 14, Exh. G at 9-12) The case was remanded to the trial court to conduct a hearing regarding whether Petitioner knew the consequences of admitting to prior convictions. (*Id.*)  Petitioner filed a Petition for Review to the Arizona Supreme Court on June 18, 2007, which was denied on November 29, 2007. (Doc. 14, Exhs. H, I)

Pursuant to the Court of Appeals' directive, the trial court held a hearing on August 15, 2008, in which it found Petitioner's admissions to prior felony convictions were made knowingly, intelligently and voluntarily. (Doc. 14, Exh. K) The trial court then imposed a revised sentence of 12.5 years for the participation in a prison riot conviction and 8 years on the criminal damage conviction, again to run concurrently. (*Id.*) Petitioner did not file an appeal of the newly imposed sentence. (Doc. 14, Exh. A)

### C. State Post-Conviction Proceedings

Soon after the Arizona Supreme Court denied his petition for review on direct appeal, Petitioner filed a Notice of Post-Conviction Relief on December 21, 2007. (Doc. 14, Exh. M) On May 13, 2009, Petitioner's appointed counsel filed a Notice of Completion of Post-

---

[1] The Honorable Stephen F. McCarville presided over the trial and sentencing.

1   Conviction Review by Counsel; Motion for Extension of Time to Allow Defendant to File

2   Pro Per Petition. (Doc 14, Exh. O)  On May 19, 2009, the trial court granted the motion and

3   set a June 19, 2009 deadline for Petitioner to file a *pro se* supplemental petition for post-

4   conviction relief.  (Doc. 14, Exh. P)  Petitioner did not file a supplemental petition, but on

5   July 17, 2009, Petitioner filed a motion to correct his sentence. (Doc. 14, Exhs. A, Q)

6   Respondents have presented nothing to show whether the trial court ever ruled on

7   Petitioner's notice of post-conviction relief or the motion to correct his sentence. Likewise,

8   Respondents do not address or provide anything in the record to indicate whether Petitioner

9   sought review of any adverse post-conviction relief decision by the trial court.

10        **D. Federal Habeas Petition**

11        On December 24, 2012, Petitioner filed his Petition for Writ of Habeas Corpus in this

12   District Court.[2] (Doc. 1) After the original petition was dismissed with leave to amend,

13   Petitioner filed his Amended Petition on April 22, 2013. (Doc. 7) Petitioner raises three

14   grounds for relief. In Ground One, Petitioner alleges there is insufficient evidence to support

15   his convictions, contrary to the Due Process Clause of the Fifth and Fourteenth Amendments.

16   In Ground Two, Petitioner alleges his prison sentence was excessive, in violation of the

17   Eighth Amendment. In Ground Three, Petitioner challenges the Governor of Arizona's

18   decision to deny a reduction or commutation of his sentence despite a favorable

19   recommendation by the Arizona Board of Executive Clemency. On August 15, 2013,

20   Respondents filed their Answer. (Doc. 14) As noted above, Petitioner has not filed a reply.

21   **II.  Discussion**

22        Respondents argue the Amended Petition should be dismissed as time-barred because

23   it was not filed within the applicable statute of limitations period. Alternatively, Respondents

24   contend Petitioner's claims are procedurally defaulted. Because Respondents fail to provide

25   _____

26        [2] The docket reflects the Petition was actually filed on December 27, 2012. (Doc. 1)
     The December 24, 2012 filing date is the date Petitioner signed the Petition, doc. 1 at 11, and
27   reflects the application of the prison mailbox rule, *i.e.*, a petition is deemed filed on the date
     it is delivered to prison authorities for mailing. *See Jenkins v. Johnson*, 330 F.3d 1146, 1149
28   n. 2 (9th Cir. 2003).

sufficient information to show the Amended Petition is untimely,[3] the undersigned Magistrate Judge has considered the alternative argument and recommends Petitioner's claims be denied as procedurally defaulted.

### A. Procedural Default

### 1. Legal Standards

A state prisoner must exhaust his remedies in state court before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *McQueary v. Blodgett*, 924 F.2d 829, 833 (9th Cir. 1991). To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). A petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).

"In order to 'fairly present' an issue to a state court, a petitioner must 'present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief.'" *Gulbrandson v. Ryan*, 738 F.3d 976, 992 (9th Cir. 2013) (quoting *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009)); *see also Tamalini v. Stewart*, 249 F.3d 895, 898-99 (9th Cir. 2001) (finding the petitioner failed to fairly present his federal claims to the state court because he did not describe the operative facts and federal legal theory upon which his claims were based)

---

[3] Respondents fail to show when the trial court ruled on Petitioner's Notice of Post-Conviction Relief. Thus, this Magistrate Judge is unable to determine, based on the record presented, how long the statute of limitations period was tolled. *See* 28 U.S.C. § 2244(d)(2) (statute of limitations period is tolled during the time a properly filed application for post-conviction relief or other collateral review is pending) Without accurate tolling information from the State record, the timeliness of the habeas petition cannot be determined.

1   (citations omitted). "Our rule is that a state prisoner has not 'fairly presented' (and thus

2   exhausted) his federal claims in state court unless he specifically indicated to that court that

3   those claims were based on federal law." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir.

4   2000), *amended on other grounds*, 247 F.3d 904 (9th Cir. 2001). "If a petitioner fails to alert

5   the state court to the fact that he is raising a federal constitutional claim, his federal claim is

6   unexhausted regardless of its similarity to the issues raised in state court." *Johnson v. Zenon*,

7   88 F.3d 828, 830 (9th Cir. 1996). "Moreover, general appeals to broad constitutional

8   principles, such as due process, equal protection, and the right to a fair trial, are insufficient

9   to establish exhaustion." *Hivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citing *Gray*

10  *v. Netherland*, 518 U.S. 152, 162-63 (1996)).

11      If a petition contains claims that were never fairly presented in the state court, the

12  federal court must determine whether state remedies remain available to the petitioner. *See*

13  *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Harris v. Reed*, 489 U.S. 255, 268-270 (1989)

14  (O'Connor, J., concurring). If remedies are still available in state court, the federal court may

15  dismiss the petition without prejudice pending the exhaustion of state remedies. *Id.* If the

16  federal court finds, however, that the petitioner would have no state remedy were he to return

17  to the state court, then his claims are considered procedurally defaulted. *Coleman v.*

18  *Thompson*, 501 U.S. 722, 735 n.1 (1991) (holding that a claim is procedurally defaulted "if

19  the petitioner failed to exhaust state court remedies and the court to which the petitioner

20  would be required to present his claims in order to meet the exhaustion requirement would

21  now find the claims procedurally barred"); *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir.

22  2002) (a defendant's claim is procedurally defaulted when it is clear the state court would

23  hold the claim procedurally barred). Federal habeas review of these claims is barred unless

24  the petitioner can establish cause for the default and actual prejudice resulting therefrom, or

25  demonstrate that failure to consider the claim would result in a miscarriage of justice. *See,*

26  *e.g., Dretke v. Haley*, 541 U.S. 386, 393 (2004); *Schlup v. Delo*, 513 U.S. 298, 321 (1995);

27  *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

28

"'Cause' must be something *external* to the petitioner, something that cannot be fairly attributed to him: We think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Coleman*, 501 U.S. at 753 (emphasis in original) (internal quotation mark omitted). To show prejudice, the "habeas petitioner must show 'not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Murray*, 477 U.S. at 494 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982) (omission and emphasis in original). "Miscarriage of justice" is a narrow exception to the cause requirement "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent" of the substantive offense. *Murray*, 477 U.S. at 496. Under such circumstances, "a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id.*

**2. Analysis**

**a. Ground One**

Petitioner claims in Ground One that his conviction for participating in the prison riot at the Pinal County Jail was based on nothing more than "circumstantial and inconsistent evidence." (Doc. 7 at 6)  He argues "log notes and eyewitness accounts are sketchy at best" and "witness statements contradict each other," among other alleged deficiencies in the evidence. (*Id.*) He claims, therefore, his convictions violated the Due Process Clause of the U.S. Constitution. Petitioner, however, fails to provide any specific examples from his trial to support his allegations.

Petitioner did not raise this general due process claim in either his direct appeal or his notice of post-conviction relief. (Doc. 14, Exhs. E, M)  Petitioner did raise a due process claim in his direct appeal, but it alleged a denial of due process "by virtue of the admission of perjured testimony." (Doc 14, Exh. E at 26) Petitioner makes no mention of perjured testimony in Ground One of his habeas petition.

1    Petitioner has failed to fairly present the claim asserted in Ground One to the Arizona
2    courts on direct review or post-conviction relief. By not presenting his claim to the Arizona
3    Court of Appeals, Petitioner has failed to "give the state courts one full opportunity to resolve
4    any constitutional issues by invoking one complete round of the State's established appellate
5    review process." *See O'Sullivan*, 526 U.S. at 845. Petitioner has, therefore, failed to exhaust
6    his State-court remedies. Moreover, Petitioner would no longer have a remedy if he returned
7    to the Arizona courts.[4] As a result, his claims in Ground One is procedurally defaulted.

8    Having failed to file a reply, Petitioner presents nothing to establish cause for the
9    procedural default and resulting prejudice. Petitioner has also not demonstrated that the
10   failure to consider his claim on the merits would result in a miscarriage of justice. This
11   Magistrate Judge will, therefore, recommend Ground One be denied.

12   **b. Ground Two**

13   Petitioner alleges in Ground Two that the sentence imposed "does not properly reflect
14   the punishment suited for this crime." (Doc. 7 at 7) He claims that due to his "minor"
15   involvement, the sentence was clearly excessive and violated the Eighth Amendment. (*Id.*)

16   Like Ground One, Petitioner did not raise a claim in either his direct appeal or his
17   notice of post-conviction relief that his sentence was excessive in violation of the Eighth
18   Amendment. (Doc. 14, Exhs. E, M) Petitioner has, therefore, failed to exhaust his State-court
19   remedies. Because Petitioner would no longer have a remedy if he returned to the Arizona
20   courts, his claim in Ground Two is procedurally defaulted.

21   Petitioner has presented nothing to establish cause for the procedural default and
22   resulting prejudice. Petitioner has also not demonstrated that the failure to consider his claim
23   on the merits would result in a miscarriage of justice. Accordingly, this Magistrate Judge will

24   _____

25   [4] Arizona Rule of Criminal Procedure 32.2(a)(1) provides that a defendant is
26   precluded from post-conviction relief on any ground that could have been raised on direct
     appeal. In addition, the time has passed to seek post-conviction relief in the State court under
27   Rule 32.4(a) of the Arizona Rules of Criminal Procedure and Petitioner has not shown any
     of the exceptions to the time limits identified in Arizona Rules of Criminal Procedure
28   32.1(d), (e), (f), (g) or (h) apply to him.

1    recommend Ground Two be denied.

2        **c. Ground Three**

3        Lastly, Petitioner asserts in Ground Three he received a unanimous recommendation

4    by the Arizona Board of Executive Clemency to commute his sentence. (Doc. 7 at 8)

5    Petitioner states the Governor of Arizona rejected the Board's recommendation and denied

6    Petitioner's request. (*Id.*) Petitioner appears to be requesting a review of the Governor's

7    decision.

8        As with Grounds One and Two, Petitioner did not raise this claim in the Arizona

9    courts. (Doc. 14, Exhs. E, M) Petitioner has, therefore, failed to exhaust his State-court

10   remedies. Regardless, Petitioner's claim in Ground Three is not cognizable on federal habeas

11   review and must be denied on that basis.

12       A habeas petitioner must allege "that he is in custody in violation of the Constitution

13   or law or treaties of the United States." 28 U.S.C. § 2254(a). "[F]ederal habeas corpus does

14   not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v.*

15   *Jeffers*, 497 U.S. 764, 780 (1990)); *see also Gilmore v. Taylor*, 508 U.S. 333, 349 (1993)

16   (stating that "mere error of state law, one that does not rise to the level of a constitutional

17   violation, may not be corrected on federal habeas."). Moreover, "[f]ederal habeas relief is not

18   available to redress errors in state post-conviction proceedings." *Franzen v. Brinkman*, 877

19   F.2d 26, 26 (9th Cir. 1989). "[A] petition alleging errors is the state post-conviction review

20   process is not addressable through habeas corpus proceedings." *Id.; see also Ortiz v. Stewart*,

21   149 F.3d 923, 939 (9th Cir. 1998) ("[T]his court has specifically stated that federal habeas

22   relief is not available to redress alleged procedural errors in state post-conviction

23   proceedings.").

24       Petitioner alleges in Ground Three he is in custody because the Governor failed to

25   adopt the Board's recommendation to commute his sentence, not because of a violation of

26   the United States Constitution. Moreover, to the extent clemency proceedings are part of the

27   State's post-conviction review process, habeas relief is not available to redress errors in that

28   process. The Governor's decision whether to grant clemency is purely an issue of Arizona

law and, as a result, cannot be challenged on federal habeas review.

**B. Conclusion**

For the foregoing reasons, this Magistrate Judge finds Petitioner failed to exhaust his State-court remedies and, because such remedies are no longer available, his claims in Grounds One and Two are procedurally defaulted. Additionally, Petitioner has failed to show cause to excuse the default, and he has not demonstrated a miscarriage of justice. Finally, Petitioner's claim in Ground Three is not cognizable on federal habeas review. Accordingly, this Magistrate Judge will recommend the Amended Petition be denied.

Based on the foregoing,

**IT IS RECOMMENDED** that the Amended Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, doc. 7, be **DENIED**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because dismissal of the Amended Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

///

///

///

///

///

///

///

///

///

///

///

///

///

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, must not be filed until entry of the District Court's judgment. The parties have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), (b), and 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the undersigned Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. *See* Fed.R.Civ.P. 72.

DATED this 18th day of February, 2014.

Lawrence O. Anderson
United States Magistrate Judge

- 10 -